```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X
                                         :
OVADIA CORPORATION,                      :
                    Plaintiff,           :
                                         :      04 Civ. 8064 (DLC)
         -v-                             :
                                         :         MEMORANDUM
OMEROGLU DECORATION, LTD.,               :       OPINION & ORDER
                    Defendant.           :
                                         :
----------------------------------------X
```

DENISE COTE, District Judge:

    Ovadia Corporation ("Ovadia") filed this action on October 13, 2004 against Omeroglu Decoration Ltd. ("Omeroglu") for infringing three of Ovadia's patents for jewelry display trays. Service was made to Omeroglu, a company located and doing business in Istanbul, Turkey, pursuant to the Hague Convention. On July 15, 2005, a default and injunction was entered in favor of Ovadia, and the case was referred to Magistrate Judge Katz for an inquest on damages. Judge Katz issued a Report and Recommendation ("Report") on November 28, 2006, recommending that Ovadia not be awarded any damages but be awarded reasonable attorneys' fees and costs. As indicated by Judge Katz in his Report and pursuant to Rule 72, Fed. R. Civ. P., the parties had ten days in which to file objections to the November 28 Report. No objections by either party have been filed to date.

    The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate

judge." 28 U.S.C. § 636(b)(1)(C). The court shall make a <u>de novo</u> determination of the portions of the report to which a party objects. <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997). "The referring district judge may accept those portions of the magistrate judge's report and recommendation to which no specific written objections are made, provided there is no clear error on the face of the record." <u>Doe v. Goord</u>, No. 04 Civ. 570 (GBD), 2006 WL 1041130, at *2 (S.D.N.Y. Apr. 18, 2006). This Court identifies no clear error in the Report.

The Report's findings and conclusions are summarized here. Upon the default of a party, a court must accept all factual allegations of the complaint as true, except those relating to damages. <u>See</u> <u>Au Bon Pain Corp. v. Artect, Inc.</u>, 653 F.2d 61, 65 (2d Cir. 1981). The allegations of the Complaint establish that Ovadia was the exclusive licensee of the right to the three patents in issue for jewelry display trays. Omeroglu willfully infringed the patents, and Ovadia claimed to have been deprived of the profits it would have earned on the sale of its patented products. Judge Katz directed Ovadia to file and serve Proposed Findings of Fact and Conclusions of Law with respect to the damages it was seeking, properly supported by affidavits or other competent evidence. Ovadia's September 23, 2005 submission, however, failed to comply with Judge Katz's directive, by including only one legal citation and providing no

support for the amount and manner of determining Ovadia's damages.  On February 2, 2006, Judge Katz allowed Ovadia a second opportunity to support its request for damages through an Order which also gave Ovadia detailed guidance on the legal criteria it had to meet.  Ovadia responded by letter that it was "prepared to stand" on its prior submissions.

"To recover lost profits, a patent owner must prove a causal relation between the infringement and its loss of profits."  Crystal Semiconductor Corp. v. TriTech Microelectronics Int'l, Inc., 246 F.3d 1336, 1353 (Fed. Cir. 2001) (citation omitted).  Ovadia failed to satisfy its burden of proof.  For example, Ovadia failed to offer any evidence of Ovadia's market share of the jewelry tray business, the existence or nonexistence of noninfringing substitutes in the market, any demand for the patented product, or the sales made by Omeroglu of the infringing trays.  Ovadia has also not provided any reliable basis for an award of reasonable royalties.  Accordingly, the Report recommends that there be no award of damages to Ovadia.

Ovadia also sought an award of attorneys' fees in the amount of $6,407, plus costs and disbursements in the amount of $1,016.  Parties may be awarded reasonable attorney's fees where there has been willful infringement.  See Modine Co. v. Allen Group, Inc., 917 F.2d 538, 543 (Fed. Cir. 1990).  The Complaint

indicates that there was willful infringement, and the Report concluded that attorneys' fees are merited. Ovadia's counsel provided copies of billing statements, and the Report found their billing rates of $250-300 to be reasonable and commensurate with those of attorneys with comparable experience in the region. The Report, however, excluded one and half hour's time that was reported in the billing records, because the time was spent preparing the Proposed Findings of Fact and Conclusions of Law, which were not in compliance with Judge Katz's instructions and were of no assistance in determining the amount of Ovadia's damages. Therefore, the Report recommends a fee award of $6,032 and an award for costs of $1,016.

## Conclusion

The Report is adopted in full. Ovadia's request for damages is denied, but Ovadia is awarded $6,032 in attorneys' fees and $1,016 for costs and disbursements. The Clerk of Court shall enter judgment for the plaintiff and close the case.

SO ORDERED:

Dated:   New York, New York
         December 28, 2006

                                    _____
                                         DENISE COTE
                                    United States District Judge

4